JAMES DAL BON, SBN #157942
THE WISDOM LAW GROUP APC
1625 The Alameda #207
San Jose, CA 95126
Telephone:   (408)915-3700
jdb@wagedefenders.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN an individual, on behalf of himself, and on behalf Putative Plaintiffs consisting of all persons similarly situated.<br><br>Plaintiffs,<br><br>vs<br><br>VUORI, INC., a Delaware Corporation; and DOES 1 through 100<br><br>Defendants | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>1) VIOLATION OF THE FAIR STANDARDS LABOR ACT 29 U.S.C. §§ 207, 216(b), and 255(a)<br>2) CALIFORNIA LABOR CODES §§ 200,1197 1194, 1194.2 FAILURE TO PROPERLY PAY WAGES<br>3) VIOLATION OF LABOR CODE §§ 201, 202, AND 203 –FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES<br>4) VIOLATION OF LABOR CODE § 226 –FAILURE TO PROVIDE ACCURATE WAGE STUBS<br>5) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 |

COMES NOW Plaintiff, Terrence Buchanan and complains of Defendants Vuori, Inc., and

DOES 1 through 100 and alleges as follows:

1

## NATURE OF CLAIM

This is a federal wage and hour collective action against Vuori, Inc under the Fair Labor Standards Act. The Defendants pay their employees an hourly rate plus commissions or bonuses. The Defendants miscalculated the overtime paid to their employees by failing to include commissions or bonuses in calculating overtime. This resulted in an under payment of overtime wages to Vuori employees. Vuori is a nationwide seller of clothing. The Plaintiff files the federal class action on behalf of all nonexempt employees Vuori paid per hour but failed to include commissions or bonuses in the calculation of overtime.

This is also a statewide California Class Action on behalf of non-exempt employees paid on an hourly basis plus commissions employed by of Vuori, Inc. The Plaintiff, individually and as representative plaintiff on behalf of persons similarly situated, seeks damages in the form of lost wages, and reimbursement of business-related expenses. The Plaintiff seeks waiting time and paystub penalties, expenses, interest and liquidated damages, restitution of wages for himself and other similarly situated employees of Defendants

## PARTIES

1) At all times herein mentioned in this complaint, Plaintiff, Terrence Buchanan ("Buchanan") was an individual living in the County of Santa Clara, State of California.

2) Since the end of his employment with Defendants in July of 2022, the Plaintiff has moved to Maricopa County Arizona.

3) At all times herein mentioned, Defendant, Vuori, Inc, is a Delaware Corporation with its principal place of business in the State of California.

4) At all times mentioned Vuori, Inc operates stores in the following states: California, Utah, Colorado, New York, Arizona, Illinois, Texas, and Connecticut.

5) Defendants Vuori, Inc, and Does One through One Hundred shall hereinafter be known as "Defendants".

6) "Putative Plaintiffs" are non-exempt employees of Defendants, working for the Defendants in the State of California for wages, and or bonuses.

7) "Plaintiffs" hereinafter collectively refer to the individual Plaintiff Terrence Buchanan and the Putative Plaintiffs.

8) Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, and therefore sues said Defendants by the fictitious names DOES 1 through 100. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of said fictitiously named defendants is responsible in some manner for the occurrences and happenings herein alleged.

9) Plaintiffs are informed and believe, and upon said basis allege, that at all times herein mentioned each of the defendants was an agent, servant, employee and/or joint venture of each of the remaining Defendants and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture. Because of the agency, employment and/or joint venture relationship between defendants, each defendant had actual and/or constructive knowledge of the acts of each of the other defendants. Each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful act.

## SUBJECT MATTER JURISDICTION AND VENUE

10) This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

11) Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and his business involves products that move through interstate commerce.

## GENERAL ALLEGATIONS

12) At all times relevant herein, Defendants jointly employed the Plaintiffs as non-exempt workers and paid them on an hourly basis plus commissions and/or bonuses.

13) Plaintiff Buchanan began working as a non-exempt employee of the Defendants on or about May of 2022.

14) Defendants paid Plaintiff Buchanan earning and hourly rate of pay at $23.00 an hour

15) Putative Plaintiffs were employees of Defendants acting in the normal course and scope of their employment as hourly workers that received bonuses and commissions.

16) Plaintiffs' job duties included: selling clothing to the Defendant's customers, managing employees and handling customer complaints for which the Defendants paid him at an hourly rate.

17) During the course of their employment, Plaintiff and the Putative Plaintiffs regularly worked more than eight hours in one day.

18) During the course and scope of their employment, Plaintiffs and Putative Plaintiffs regularly worked more than forty hours in one week.

4

19) The time the Plaintiff's worked was be recorded in their timecards and their pay stubs.

20) The Defendants paid overtime hours incorrectly under the California Labor Code and the Federal Fair Labor Standards Act.

21) In determining the regular rate of pay for calculating overtime the Defendants failed to include the commissions bonuses they paid the Plaintiff and the Putative Plaintiffs.

22) This resulted in the Defendants under paying the Plaintiffs and the Putative Plaintiffs for their overtime hours.

23) During the course and scope of their employment the Defendants did not accurately record the proper overtime rate of pay on the Plaintiffs' paystubs.

24) The Defendants terminated the employment of Plaintiff Terrence Buchanan on or about July of 2022.

## CLASS ALLEGATIONS

25) Plaintiff Terrence Buchanan brings this action on behalf of himself and all similarly situated workers (the "Putative Plaintiffs") pursuant in the State of California to Federal Rule of Civil Procedure 23 and a nationwide collective action under the Fair Standards Labor Act 29 U.S.C. §§ 207, 216(b), and 255(a)because a well-defined community of interests exists between the Plaintiff and the Putative Plaintiffs in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class, and (3) the class is easily ascertainable.

26) The Plaintiff Terrence Buchanan seeks to represent through the date of final disposition of this action the following class:

"all non-exempt employees who have been employed or who are employed by Defendants in across the United States within three (3) years of the filing of this Complaint, as non-exempt employees, who are or were paid on an hourly basis, and who suffered the following:

    i. did not have the commissions earned added to their regular rate of pay in determining their overtime rate of pay;"

27) Plaintiff also seeks to represent the following sub-classes:

"all non-exempt employees who have been employed or who are employed by Defendants in California within four (4) years of the filing of this Complaint, as non-exempt employees, who are or were paid on an hourly basis, and who suffered the following:

    i. did not have the commissions earned added to their regular rate of pay in determining their overtime rate of pay;

    ii. were not provided with accurate pay stubs;"

"all non-exempt hourly employees whose employment ended in California within three (3) years of the filing of this Complaint who Defendants employed as non-exempt commissioned and hourly employees with bonuses, and who Defendants failed to fully pay their wages within seventy-two (72) hours of the end of their employment."

28) Plaintiff is informed and believes, and upon said basis alleges, that the legal and factual issues are common to the class and all affected Putative Plaintiffs. Plaintiff reserves the right to amend or modify the class description with greater specificity or to further divide the class into subclasses or limit their claims to particular issues.

A. Numerosity

29) The potential members of the Class as defined herein are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined as this time, Plaintiff is informed and believes that Defendants

during the relevant time periods likely employed more than 50 workers in California and throughout the United States who are, or have been, affected by Defendants unlawful practices as alleged herein.

30) Joinder of all members of the proposed Class is not practical.

B. Commonality

31) There are questions of law and fact common to the Class predominating over any questions affecting only individual class members. These common questions of law and fact include, without limitation, the following:

a. whether Defendants violated the law pertaining to overtime wages under the California Labor Code and related Wage Orders as a result of the allegations set forth in this Complaint;

b. whether the Defendants violated the Federal Fair Labor Standards Act and miscalculated overtime when the Plaintiff and Putative Plaintiffs worked more than 40 hours a week.

c. whether Defendants violated the California Labor Code and related Wage Orders by failing to maintain accurate records of Plaintiffs' earned wages, itemize all wages earned, and accurately maintain other employment records;

d. whether Defendants violated the California Labor Code and related Wage Orders by failing to pay all earned wages and premium wages due and owing at the time Plaintiffs' employment with Defendants ended;

e. whether Defendants violated Labor Code §2802 by failing to reimburse Plaintiffs for all work-related expenses;

f.   whether Defendants failed to pay Plaintiffs statutory penalties pursuant to Labor Code §§ 201, 202, and 203;

g.   whether Plaintiffs are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory relief, injunctive relief, attorney's fees, interest and costs and other relief pursuant to the California Labor Code and related Wage Orders, and Business and Professions Code §17200 et. seq.

C.   Typicality

32)   Plaintiff will fairly and adequately represent and protect the interests of the members or the Class.  Plaintiff has no interests which are adverse to the Class.  Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions.

D.   Superiority of Class Action

33)   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting individual members of the Class.  Each member of the Class has been damaged and is entitled to recover by reason of Defendants' unlawful policies and practices as described herein.

FIRST CAUSE OF ACTION

FEDERAL CLAIM
Violation of the Fair Standards Labor Act
29 U.S.C. §§ 207, 216(b), and 255(a)
Failure to Pay Overtime Wages

34)   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-32 as if fully stated herein.

35) At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

36) The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

37) Defendants routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week without paying all of their wages for such overtime work.

38) In failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rates of pay, Defendants willfully violated the FLSA.

39) As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in amounts to be proved at trial.

40) Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper wages, and Defendants are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

41) Plaintiffs were required to retain legal assistance in order to bring this action and, therefore, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

### SECOND CAUSE OF ACTION
(Violation of California Labor Codes §§ 200 and 1194 1194.2–
Failure to Properly Pay Wages)

42) Plaintiff incorporates paragraphs 1-32 inclusive of the Complaint as if fully set forth herein.

43) California Labor Code §§ 200 and 1194 1194.2, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment of overtime at the correct rate of pay.

44) During the course of employment with Defendants, Plaintiffs regularly worked overtime hours.

45) California law requires the Defendants to pay nonexempt employees at one and a half times their regular rate of hourly pay when they work overtime hours.

46) California law required the Defendants add the commissions earned by them to their weekly pay to determine their regular rate of pay for purposes of calculating overtime.

47) California Labor Code Section 119 provides that it is unlawful for employers not to make the required payments identified in the preceding paragraph and that employees did not pay such payments can recover any monies owed by civil action.

48) Defendants therefore owe Plaintiffs wages not properly paid to Plaintiffs in an amount to be determined at trial.

49) Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

50) Defendants violated the provisions of Labor Code §§ 200 and 1194 by failing to pay the Plaintiffs at the proper rate.

51) Pursuant to Labor Code § 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

### THIRD CAUSE OF ACTION
(Violation of Labor Code §203 –
Failure to Pay Wages Due and "Waiting Time" Penalties)

52) Plaintiff incorporates paragraphs 1-32 inclusive of the Complaint as if fully set forth herein.

53) At the time Plaintiffs' employment ended with Defendants, Defendants owed Plaintiffs certain unpaid wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

54) Failure to pay wages owed at the time an employee is terminated as required by Labor Code § 201 or § 202 subjects the employer for the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

55) As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

56) Pursuant to Labor Code §§ 203 and 1194, Plaintiff requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION
(Violation of Labor Code § 226 –
Failure to Provide Accurate Wage Stubs)

57) Plaintiff incorporates paragraphs 1, through 32, inclusive, of the Complaint as if fully set forth herein.

58) At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which

11

payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

59) Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the true hours worked, and gross wages earned for each pay period.

60) As a direct result, Defendants did not pay all Plaintiffs' regular hours.

61) The Plaintiffs are entitled to a penalty of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation.

62) In the alternative the court can award actual damage up to $4,000.00.

63) As a result of the violations set forth in this Third Cause of Action, Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action. Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action pursuant to the Labor Code.

## FIFTH CAUSE OF ACTION

(Unfair Business Practices
Violation Of California Business and Professions Code § 17200)

64) Plaintiff incorporates paragraphs 1 through 32, inclusive, of the Complaint as if fully set forth herein.

65) At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, to be

paid regular wages for all time worked unless specifically exempted by the law, to be paid at a properly calculated overtime hourly rate.

66) At all times relevant herein, Defendants, as the employers of Plaintiffs were subject to the California Unfair Trade Practices Act (Business and Professions Code §17000 et seq.). Defendants violated Business and Professions Code §17000 et seq. by failing to pay the Plaintiffs, who are members of the general public, properly calculated overtime pay, as required by applicable state and federal laws, which Plaintiffs were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiffs.

67) In doing the above referenced acts, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

68) As a direct and proximate result of Defendants' violations and failure to pay the required wages, and work-related expenses, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred losses in the form of unpaid wages and expenses in amounts to be proved at trial.

69) Defendants were aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs certain wages and overtime pay due and to reimburse them for work related expenses.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For compensatory damages pursuant to Fair Standards Labor Act 29 U.S.C. §§ 207, 216(b), and 255(a) for overtime wages according to proof;

2. For compensatory damages pursuant to Labor Code §§ 1194 and 1194.2 for overtime wages according to proof;

3.

4. For restitution of unpaid, regular wages, and expenses pursuant to Business and Professions Code §17203 according to proof;

5. For equitable and injunctive relief under Business and Professions Code §17200, et seq. including but not limited to equitable accounting;

6. For waiting time penalty damages of thirty days wages to Plaintiff and Putative Plaintiffs, pursuant to Labor Code § 203 according to proof;

7. For damages and penalties for not providing accurate pay statements pursuant to Labor Code § 226 according to proof;

8. For reimbursement of work-related expenses pursuant to Labor Code § 2802 according to proof;

9. For pre-judgment interest of 10% on the unpaid compensation and wages according to proof;

10. For reasonable attorney's fees according to proof;

11. For costs of suit incurred herein; and

12. For such other and further relief as the court may deem proper.

March 13, 2023

Respectfully submitted,

*/s/ James Dal Bon*

JAMES DAL BON

Attorney for Plaintiff

Plaintiff demands a jury trial.

March 13, 2023

Respectfully submitted,

*/s/ James Dal Bon*

JAMES DAL BON

Attorney for Plaintiff