UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN,<br>        Plaintiff,<br>    v.<br>VUORI, INC.,<br>        Defendant. | Case No. 23-cv-01121-NC<br><br>**ORDER TO SHOW CAUSE AND FOR SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF 42 |

On November 28, 2024, Plaintiff filed an unopposed motion for preliminary approval of a class action settlement. ECF 42. The parties filed various supporting exhibits. ECF 42-1–42-9, 44, 45, 46, 48, 50, 51.

## I. PLAINTIFF'S COUNSEL MUST SHOW CAUSE

The Court scheduled, and held, a hearing on the motion by Zoom videoconference yesterday, January 22, 2025. Defense counsel, Samuel Hyde, appeared. Plaintiff's counsel, James Dal Bon, did not.

Mr. Dal Bon is ORDERED to file a statement explaining why he did not attend yesterday's motion hearing. As a result of his absence, the motion hearing is continued to February 19, 2025, at 11:30 a.m, by Zoom videoconference. Mr. Dal Bon should confirm in his statement that he is available to attend the hearing as rescheduled.

## II. THE PARTIES MUST FILE A JOINT SUPPLEMENTAL BRIEF

In advance of the continued motion hearing, the parties are ORDERED to prepare

1   and submit a joint supplemental brief addressing various questions and areas of concern
2   regarding the motion and proposed settlement.
3        Of greatest concern is the proposed scope of the release of claims by class members.
4   Sections 17.2 and 17.3 of the global settlement agreement executed by the parties, ECF 50,
5   provide that both the California and FLSA Federal class members "forever, fully,
6   irrevocably and unconditionally release and discharge the Released Parties from all Wage
7   and Hour Claims that were or could have been asserted, . . . , that arose *at any point in time*
8   *during which such individual worked for Vuori up through the date of Final Approval*."
9   ECF 50 at 14. It is unclear why the settlement provides for the release of claims through
10  the date of Final Approval of the settlement when the settlement defines both classes to
11  include individuals "who held an hourly, non-exempt retail position at Vuori" up to
12  "December 8, 2023." ECF 50 at 5, §§ 5.1–5.2. It is similarly unclear why the settlement
13  provides for the release of claims that arose at any time an individual worked for Vuori
14  given that the settlement defines both classes to begin on March 14, 2020, and August 12,
15  2021, respectively. *See* ECF 50 at 5, §§ 5.1–5.2. Moreover, sections 17.2 and 17.3 do not
16  align with the language in the proposed class notices. The class notices, under the heading
17  "5. What is the Legal Effect of the Settlement?", state that participating class members
18  release "all state and federal wage and hour claims, . . . , *from the beginning of time*
19  *through December 8, 2023*." ECF 42-8, Ex. F at 2; ECF 51 at 4. The end dates for the
20  accrual of claims to be released thus differ between the class notices and the settlement.
21       The Court also seeks further explanation of various terms of the settlement
22  agreement, including: why the parties chose to define the FLSA Federal class to include
23  individuals in hourly, non-exempt retail positions outside of California beginning on
24  March 14, 2020—a different start date than the California class, *see* ECF 50 at 5, §§ 5.1–
25  5.2; and why the parties chose to classify 15% of the monetary awards to class members as
26  wages and 85% as non-wage income, *see* ECF 50 at 13, § 14.3. The motion's discussion
27  of penalties is also difficult to follow and requires clarification. *See* ECF 42 at 18–20.
28       As to the proposed class notices, the parties should address: how they know all class

1  members speak English such that the notices do not need to be translated, *see* ECF 42 at
2  24; whether all California class members have social security numbers, the last four digits
3  of which they must provide to opt out of the class, and whether there is an alternative for
4  those who do not have social security numbers, *see* ECF 51 at § 6; and whether the Claims
5  Administrator will use email addresses to distribute the class notices given that Defendant
6  has "maintained a good record" of email addresses for the proposed class members, *see*
7  ECF 42 at 25.

8  Finally, the motion does not provide all of the information outlined in the Court's
9  Procedural Guidance for Class Action Settlements.  Specifically, the motion inadequately
10 addresses or does not address points 1(a), 1(b), 1(d), 1(f), 2(b), 8, 10, and 11 of the
11 guidelines.  *See* ECF 42.  And the proposed class notices do not satisfy points 3(d) and 3(e)
12 of the guidelines.  *See* ECF 42-8, Ex. F; ECF 51.

### III. CONCLUSION

Mr. Dal Bon must file his response to the order to show cause as to why he did not appear at yesterday's motion hearing by February 7, 2025.  The parties also must file a joint supplemental brief addressing the issues outlined above by February 7, 2025.

**IT IS SO ORDERED.**

Dated: January 23, 2025            _____
                                    NATHANAEL M. COUSINS
                                    United States Magistrate Judge

3