UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN,<br>　　　　Plaintiff,<br>　　v.<br>VUORI, INC.,<br>　　　　Defendant. | Case No. 23-cv-01121-NC<br><br>**ORDER FOR ATTORNEY JAMES DAL BON TO SHOW CAUSE** |

The Court held a scheduled case management conference today, September 3, 2025, at 10 a.m. ECF 74. Plaintiff's attorney James Dal Bon failed to appear. Dal Bon is ordered to file a statement by September 17, 2025, showing cause as to why he did not attend this morning's case management conference.

Dal Bon previously failed to appear for a hearing on Plaintiff's motion for preliminary approval of a class action settlement in January 2025. ECF 52, 53. In the six months since the Court denied that motion without prejudice, *see* ECF 57, Defendant's counsel has raised concerns to the Court multiple times over Dal Bon's delays in responding to communications and delivering follow-up on promised dates, failure to attend a planned videoconference, and sudden changes in damages calculations. *See, e.g.*, ECF 59, 61. In consideration of Dal Bon's multiple failures to appear and other litigation behavior, Dal Bon is also ordered to show cause as to why he should not be referred to the

Court's Standing Committee on Professional Conduct. *See* Civil L.R. 11-4, 11-6.

The Court is concerned whether it will be able to approve any renewed motion for preliminary approval of a class action settlement in light of Dal Bon's behavior and approach to litigating this case as a solo practitioner. Settlement agreements negotiated prior to class certification must withstand a high level of scrutiny and require consideration of whether "class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A); *In re Bluetooth Headset Prods. Liab. Litig.*, 564 F.3d 935, 946 (9th Cir. 2011); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008) ("The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights."); *Kim v. Allison*, 87 F.4th 994, 1002–03 (9th Cir. 2023) (discussing how class counsel must vigorously represent the putative class). Dal Bon is ordered to provide a copy of this Order to his client, Terrence Buchanan.

Finally, the Court set a further case management conference for September 24, 2025, at 10 a.m. ECF 74. Defense counsel may appear in person or by Zoom videoconference. Dal Bon must appear in person.

In sum, the Court orders as follows:

1. Dal Bon must provide a copy of this Order to his client;
2. Dal Bon must file a written response to this Order by September 17, 2025, showing cause as to (a) why he did not attend this morning's case management conference and (b) why he should not be referred to the Court's Standing Committee on Professional Conduct; and
3. Dal Bon must attend the September 24, 2025, case management conference at 10 a.m. in person at the San Jose Courthouse, Courtroom 5, 4th Floor.

**IT IS SO ORDERED.**

Dated: September 3, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2