UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>VUORI, INC.,<br><br>    Defendant. | Case No. 23-cv-01121-NC<br><br>**ORDER FOLLOWING 9/24/2025 CASE MANAGEMENT CONFERENCE** |

The Court held a case management conference today, September 24, 2025, by Zoom videoconference, which was attended by counsel for both parties. This Order serves to summarize the case management conference and memorialize the Court's orders. As discussed, the Court ORDERS as follows:

1. Plaintiff's counsel, James Dal Bon, must provide a copy of the Court's order to show cause, ECF 75, and his response, ECF 76, to his client, Terrence Buchanan. Dal Bon must file proof of service by October 1, 2025.
2. Dal Bon's response at ECF 76 satisfies the Court's order to show cause at ECF 75.
3. Dal Bon must file Plaintiff's motion for preliminary approval of a class action settlement by October 3, 2025.
4. A further case management conference is set for October 8, 2025, at 10 a.m. by Zoom videoconference. The parties do not need to file a joint case management

statement in advance; however, if Dal Bon does not file the motion for preliminary approval by October 3, 2025, he should file a statement by the same date explaining why not.

During the case management conference, the Court also explained that it did not previously instruct Dal Bon to wait to file the motion for preliminary approval of a class action settlement until the Court set deadlines or a hearing schedule; the Court has, in fact, set previous deadlines to file the motion, and the Court explained that counsel are to notice a hearing upon filing a motion. The Court reiterated its concern that Dal Bon's representation of the proposed class may not be sufficient, but noted it is premature to decide as much without seeing Plaintiff's motion for preliminary approval. The Court also said that it will not, as of now, refer Dal Bon to the Standing Committee on Professional Conduct. But the Court did recommend that Dal Bon associate with additional, competent class counsel to improve the path to approval of the class action settlement. The Court does not currently order Dal Bon to do so but may after reviewing the motion for preliminary approval. Finally, if Dal Bon does not file the motion for preliminary approval by October 3, 2025, it is unlikely the Court will approve the class action settlement, and the Court will set further case deadlines, including for class certification.

**IT IS SO ORDERED.**

Dated: September 24, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2