United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN,<br>  Plaintiff,<br>v.<br>VUORI, INC.,<br>  Defendant. | Case No. 23-cv-01121-NC<br><br>**ORDER FOR ATTORNEY JAMES DAL BON TO SHOW CAUSE**<br><br>Re: ECF 81, 89 |

On October 3, 2025, Plaintiff Terrence Buchanan filed a second motion for preliminary approval of a class action settlement, ECF 81, alongside supporting exhibits and declarations, followed by a corrected motion, ECF 89. The Court issues this Order for Plaintiff's attorney James Dal Bon to show cause based on fabricated quotations and caselaw within the motion, which he signed and filed.

Upon initial review, the Court counts 8 instances in which the motion quotes language supposedly attributable to a real case but that does not actually appear in the case's text. *See* ECF 89 at 9:19–22, 13:25–28, 15:4–7, 15:15–17, 15:17–19, 15:25–27, 16:8–9, and 16:11–14. These false quotations represent most of the case quotations cited in the motion—only a couple of the quotations provided can be found in the cases to which they are attributed. In addition, portions of the motion rely heavily on a case "*Reed v. ZipRecruiter, Inc.*, 2021 WL 4453429, at *3-4 (C.D. Cal. July 19, 2021)" that, from the

1   Court's research, does not exist. *See* ECF 89 at 19–20, 22.  The Westlaw citation leads to
2   a "State & Local Tax Update" titled "2021 production tax rate on mined taconite and iron
3   sulfides announced," and the Court is not otherwise aware of a case by the name of *Reed v.*
4   *ZipRecruiter, Inc.*, let alone one with an order issued on July 19, 2021.  *See* 2021 WL
5   4453429.

6   Under Federal Rule of Civil Procedure 11(b), when an attorney presents a court
7   with "a pleading, written motion, or other paper—whether by signing, filing, submitting,
8   or later advocating it—" they certify "that to the best of the person's knowledge,
9   information, and belief, formed after an inquiry reasonable under the circumstances . . . the
10  claims, defenses, and other legal contentions are warranted by existing law or by a
11  nonfrivolous argument for extending, modifying, or reversing existing law or for
12  establishing new law."  Rule 11 thus "imposes upon counsel an affirmative duty of
13  investigation both as to the law and fact before filing."  *Rachel v. Banana Rep., Inc.*, 831
14  F.2d 1503, 1508 (9th Cir. 1987).  A court may impose an appropriate sanction on any
15  attorney who violates Rule 11(b) following notice and a reasonable opportunity to respond.
16  Fed. R. Civ. P. 11(c).

17  Of particular concern to courts today is the rise in non-existent cases and quotations
18  hallucinated by artificial intelligence tools.  *See U.S. v. Hayes*, 763 F. Supp. 3d 1054,
19  1063–66 (E.D. Cal. 2025).  These fictitious cases often look "like a real case with a case
20  name; a citation to the Federal Supplement, which is the reporter that publishes opinions
21  from federal district courts; identification of a district court; and the year for the decision."
22  *Id.* at 1065.  Against this backdrop, the Second Circuit has held that, "[a]t the very least,
23  the duties imposed by Rule 11 require that attorneys read, and thereby confirm the
24  existence and validity of, the legal authorities on which they rely. . . . to ensure that the
25  arguments made based on those authorities are 'warranted by existing law,' . . . or
26  otherwise 'legally tenable.'"  *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024).  "A fake
27  opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous
28  ground for extending, modifying, or reversing existing law" under Rule 11(b).  *Mata v.*

2

*Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

In addition, the Court's Civil Local Rules require every member of the bar of this Court or permitted to practice in this Court to "comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). Under California Rule of Professional Conduct 3.3, lawyers have a duty of candor to the tribunal, which prohibits a lawyer from "knowingly mak[ing] a false statement of fact or law to a tribunal." Local Rule 11-6 permits the Court to refer a matter to the Standing Committee on Professional Conduct if it has cause to believe an attorney has engaged in unprofessional conduct.

**Dal Bon is ordered to file a written response by November 12, 2025, explaining the false case citation and quotations included in his motion and showing cause as to why he should not be sanctioned pursuant to Rule 11(c) and referred to the Court's Standing Committee on Professional Conduct.** Dal Bon must also serve a copy of this order on his client and file a proof of service by **November 12, 2025**. The Court sets a hearing on this Order to Show Cause for **November 19, 2025**, at 11 a.m. by Zoom webinar to be heard alongside the motion for settlement approval and the case management conference.

The Court will address the pending motion for settlement approval at ECF 89 following receipt of Dal Bon's response and the hearing. Of note, the Court has previously raised concerns regarding the adequacy of representation of the class, ordering Dal Bon to show cause for failing to appear at a hearing and at a case management conference. ECF 53, 75. Defendant has filed a statement of non-opposition to Plaintiff's motion for settlement approval. Defendant may respond to this order and Dal Bon's written response by **November 14, 2025**.

**IT IS SO ORDERED.**

Dated: November 5, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge