James Dal Bon (SBN CA 157942)

THE WISDOM LAW GROUP APC
1625 The Alameda #207
San Jose, CA 95126
Telephone: 408.915.3700
jdb@wagedefenders.net

Attorney for Plaintiff

TERRENCE BUCHANAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE BUCHANAN, an individual, on behalf of himself, and on behalf of Putative Plaintiffs consisting of all persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VUORI, INC., a Delaware Corporation; and DOES 1 through 100,<br><br>    Defendant. | CASE NO. 5:23-CV-1121-NC<br><br>**SUPPLEMENTAL BRIEFING FOR ORDER TO SHOW CAUSE** |

The attached Exhibits concern the cases and misquotes.

Exhibit A

List all the cases and finds one hallucinated case.

1

The Reed vs ZipRecruiter Case was completely hallucinated.

I cannot find a case that states a nationwide FLSA collective action cannot include the compromise or dismissal of opt-in plaintiffs' state-law wage claims arising under the laws of other states. No federal court in California—or anywhere else—has seemed to adopt such a rule. Federal appellate authority uniformly recognizes that the Fair Labor Standards Act's opt-in mechanism, 29 U.S.C. § 216(b), governs only the procedure for litigating *FLSA* claims and does not bar the litigation or settlement of related *state* wage claims in the same or a parallel action.

If this is a concern of the court, I will be able to defend the settlement at oral argument or brief the issue. I believe that the opt in provisions of the FLSA settlement are not overly broad.

Exhibit B

List the alleged Misquotes and finds that some of them seem to be accurate and not miss quotes. Plaintiff's attorney apologizes. I had a little bit of a hard time mapping the page in paragraph numbers given by the court to the pages in the motion. I did the best I could.  I assumed that the Court was referring to the EFC page numbers as opposed to the page numbers in the motion.  Not all of the EFC sites mentioned by the Court seem to map to quotes.


I spot checked mapping the page numbers to the page numbers in the motion and not the EFC numbers. However, I obtained similar results and some of the cases appear to be not misquoted.


This is followed by a list of the cases that I checked to make sure they were true cases and not hallucinated. It appears that the Reed v ZipRecruitors  case is the only hallucinated case in the motion. I am not saying this is an excuse.

I sincerely apologize. I have already explained what happened in my response to order to show cause.

Dated November 15, 2025

_____
James Dal Bon

James Dal Bon

I