UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BUCHANAN,<br>        Plaintiff,<br>    v.<br>VUORI, INC.,<br>        Defendant. | Case No. 23-cv-01121-NC<br><br>**ORDER IMPOSING SANCTIONS ON ATTORNEY JAMES DAL BON**<br><br>Re: ECF 90, 92, 94 |

On October 3, 2025, Plaintiff filed a second motion for preliminary approval of a class action settlement, ECF 81, followed by a corrected motion on October 28, 2025, ECF 89. Upon review of the corrected motion, the Court found the memorandum included 8 quotations supposedly attributable to a real case that do not actually appear in the case text, and one nonexistent case, "*Reed v. ZipRecruiter, Inc.*, 2021 WL 4453429, at *3–4 (C.D. Cal. July 19, 2021)." ECF 89 at 9:19–22, 13:25–28, 15:4–7, 15:15–17, 15:17–19, 15:25–27, 16:8–9, 16:11–14, 19–20.

The Court ordered Plaintiff's attorney James Dal Bon to show cause as to why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c) and referred to the Court's Standing Committee on Professional Conduct under Civil Local Rule 11-6 for providing fabricated caselaw to the Court. Dal Bon filed a response, ECF 92, and a proof of service averring that he provided the Court's order to show cause to his client, ECF 93.

He also filed a supplemental response. ECF 94. The Court held a hearing on the order to show cause on November 19, 2025, at which Dal Bon and Plaintiff appeared.

After careful consideration, the Court sanctions Dal Bon under Federal Rule of Civil Procedure 11(c) as outlined below and refers Dal Bon to the Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-6.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 11(b), when an attorney presents a court with "a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—" they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11 thus "imposes upon counsel an affirmative duty of investigation both as to the law and fact before filing." *Rachel v. Banana Rep., Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987). A court may impose an appropriate sanction on any attorney who violates Rule 11(b) following notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c). "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

In addition, the Court's Civil Local Rules require every member of the bar of this Court or permitted to practice in this Court to "comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). Under California Rule of Professional Conduct 3.3, lawyers have a duty of candor to the tribunal, which prohibits a lawyer from "knowingly mak[ing] a false statement of fact or law to a tribunal." Local Rule 11-6 permits the Court to refer a matter to the Standing Committee on Professional Conduct if it has cause to believe an attorney has engaged in unprofessional conduct.

## II.   DISCUSSION

### A.   Dal Bon Violated Federal Rule of Civil Procedure 11(b) and Civil Local Rule 11-4

Of particular concern to courts today is the rise in non-existent cases and quotations hallucinated by artificial intelligence tools.  *See U.S. v. Hayes*, 763 F. Supp. 3d 1054, 1063–66 (E.D. Cal. 2025).  These fictitious cases often look "like a real case with a case name; a citation to the Federal Supplement, which is the reporter that publishes opinions from federal district courts; identification of a district court; and the year for the decision." *Id.* at 1065.  Against this backdrop, the Second Circuit has held that, "[a]t the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. . . . to ensure that the arguments made based on those authorities are 'warranted by existing law,' . . . or otherwise 'legally tenable.'"  *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024).  "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law" under Rule 11(b).  *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

In response to the order to show cause, Dal Bon "acknowledges without reservation" that his motion "contained one non-existent case citation."  ECF 92 at 2.  As to the false case quotations observed by the Court, Dal Bon appears to have reviewed different quotes than those the Court was referring to.  *See* ECF 94 at 2 ("I assumed that the Court was referring to the EFC [*sic*] page numbers as opposed to the page numbers in the motion.").  As a solo practitioner under time pressure, Dal Bon admits that he used about six different AI tools to prepare his motion.  ECF 92 at 2.  Dal Bon used "each artificial intelligence program [to] check on the other" as a verification procedure.  *Id.* at 3. He recognizes that "[t]his was simply not enough" and that the AI tools failed to catch one another's hallucinations.  *Id.*  He also proffers that he "inadvertently filed an earlier version" of the motion from before he verified the case citations, *id.* at 2, though the Court notes that the corrected motion filed over three weeks after the initial motion "simply

3

1    add[ed] a table of contents and fixe[d] a minor spelling error," and did not correct the false
2    caselaw.  ECF 89 at 1.  Dal Bon "emphasize[s] there was no intent to deceive the Court"
3    and states that he has reviewed all the caselaw in the motion to ensure no additional
4    hallucinated cases and has "established a mandatory verification checklist" to avoid similar
5    errors in future court filings.  ECF 92 at 4.
6        A violation of Rule 11 "does not require subjective bad faith"—courts "apply an
7    objective test in assessing whether the rule has been violated."  *Yagman v. Republic Ins.*,
8    987 F.2d 622, 628 (9th Cir. 1993).  Despite his intentions, Dal Bon confirms that his use of
9    AI led him to submit a hallucinated case to the Court through his motion.  He has therefore
10   violated Rule 11(b).  *See Tercero v. Sacramento Logistics, LLC*, No. 24-cv-00953-DC-
11   JDP, 2025 WL 2605020, at *8 (E.D. Cal. Sep. 9, 2025) ("[S]ubmission of citations to
12   nonexistent cases, on its own, constitutes a violation of FRCP 11(b)."); *Oneto v. Watson*,
13   No. 22-cv-05206-AMO, 2025 WL 2901666, at *2 (N.D. Cal. Oct. 10, 2025) (same).  Dal
14   Bon had "an affirmative duty to conduct a reasonable inquiry into the facts and the law
15   before filing" his motion.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498
16   U.S. 533, 551 (1991).  Using AI to check the work of AI was not a reasonable inquiry.
17   Nor was filing his motion despite "notic[ing] formatting changes suggesting version
18   confusion" at the time of filing.  *See* ECF 92 at 3.  Stated differently, it was not Dal Bon's
19   use of AI that violated Rule 11, but rather his failure to conduct a reasonable inquiry into
20   the law cited in his motion.  *See Oneto*, 2025 WL 2901666, at *2 ("[T]he Court does not
21   prohibit or oppose the use of artificial intelligence in legal advocacy. . . . so long as
22   counsel . . . have independently verified the accuracy of AI-generated content."); *Tercero*,
23   2025 WL 2605020, at *9 ("[E]rroneous citations make clear that she submitted Plaintiff's
24   motion to the court without conducting a reasonable inquiry into the validity of the legal
25   authorities cited."); *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 343
26   (E.D.N.Y. 2025) ("To start with the obvious, an attorney who submits fake cases clearly
27   has not *read* those nonexistent cases.").
28        For the same reasons, Dal Bon violated Civil Local Rule 11-4 by failing to comply

4

1   with the California State Bar's standards of professional conduct.  *See* Civ. L.R. 11-
2   4(a)(1).  Specifically, Dal Bon breached his duty of candor to the tribunal under California
3   Rule of Professional Conduct 3.3 by citing nonexistent cases and quotations to the Court
4   and certifying via signature that had conducted reasonable inquiry into these citations
5   when he had not.

### B. The Court Imposes Sanctions on Dal Bon

While the Court appreciates Dal Bon's "transparency and candor in admitting the unverified use of AI as the explanation for the false citation[], these errors are highly problematic and simply unacceptable to the Court, especially given that there have been many recent and highly publicized cases where attorneys' use of artificial intelligence has resulted in briefs that cite non-existent or hallucinated authorities." *Yi-Sheng Fang, et al. v. Hechalou US LLC, et al.*, No. 25-cv-1180 PA (JDEx), 2025 WL 3049873, at *2 (C.D. Cal. Sep. 12, 2025).  This is especially so given that Dal Bon "acknowledge[s] that the tools come with warning labels concerning hallucinations." ECF 92 at 2.  False case citations have real harms, including creating unnecessary work for courts and opposing parties, undercutting client advocacy, and diminishing trust in the judicial system.  *See Mata*, 678 F. Supp. 3d at 448–49.  The Court therefore finds sanctions appropriate here under both Rule 11 and the Local Rules.

"The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).  Rule 11 sanctions serve to "deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991).  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[A]ny sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power.").  Courts that have sanctioned similar violations of Rule 11(b)—namely, filing hallucinated or otherwise false case citations and quotations—have

imposed a range of sanctions, often in combination, including "(1) monetary sanctions, (2) striking the filing containing erroneous citations, (3) requiring written notification to the client, (4) requiring written notification to judges incorrectly identified as having authored nonexistent cases, and (5) referring attorneys to the appropriate disciplinary body for disciplinary proceedings." *Tercero*, 2025 WL 2605020, at *11 (collecting cases). Other courts have notified the state bar of which the attorney is a member, ordered continuing legal education requirements, or dismissed the case. *See Hayes*, 763 F.3d at 1071–72; *Oneto*, 2025 WL 2901666, at *4.

Here, Dal Bon proposes as remedial measures that he forfeit attorney's fees in this matter, file an amended motion that certifies he has verified all citations, and complete continuing legal education. While the Court appreciates Dal Bon's suggestions, it finds the following sanctions under Rule 11(c) appropriate and proportional and hereby:

1. Strikes Plaintiff's second motion for preliminary approval of a class action settlement at ECF 81 and corrected motion at ECF 89; and
2. Orders Dal Bon to pay $250 to the Clerk of Court by December 5, 2025.

The Court notes that it previously ordered Dal Bon to serve a copy of its order to show cause on his client, and Dal Bon filed a timely and compliant proof of service. ECF 93.

Moreover, pursuant to Civil Local Rule 11-6, the Court refers Dal Bon to the Court's Standing Committee on Professional Conduct in connection with his violation of Local Rule 11-4 and unprofessional conduct. The Standing Committee may conduct further investigation or impose additional discipline or remedial conduct, such as continuing legal education or notification of the state bar, as it sees fit. The Court's hope is that the experience with the Standing Committee also proves constructive for Dal Bon, who attests that he is a very busy sole practitioner who faces various logistical constraints.

C.   **The Court Finds Dal Bon Inadequate as Class Counsel**

Striking Plaintiff's motion for settlement approval necessarily raises the questions of next steps in this case. Dal Bon asks the Court to allow him "to continue representing

6

1    the class through final approval" and to file an amended motion. ECF 92 at 5, 7. The
2    Court declines Dal Bon's request to file an amended motion because it does not find he is
3    adequate class counsel, which would prevent the Court from approving a renewed motion
4    for settlement approval.
5          Before granting preliminary approval of a class action settlement, a court must
6    consider whether "class counsel [has] adequately represented the class." Fed. R. Civ. P.
7    23(e)(2)(A); *In re Cal. Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir.
8    2025); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("To satisfy
9    constitutional due process concerns, absent class members must be afforded adequate
10   representation . . . ."), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564
11   U.S. at 338 (2011). To determine legal adequacy, courts ask, "(1) do the named plaintiffs
12   and their counsel have any conflicts of interest with other class members and (2) will the
13   named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"
14   *Hanlon*, 150 F.3d at 1020. Adequate representation also "depends on the qualifications of
15   counsel for the representatives, an absence of antagonism, a sharing of interests between
16   representatives and absentees, and the unlikelihood that the suit is collusive." *Crawford v.*
17   *Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted); *Celano v. Marriott Inter'l, Inc.*,
18   242 F.R.D. 544, 552 (N.D. Cal. 2007) ("Generally, representation will be found to be
19   adequate when the attorneys representing the class are qualified and competent . . . .").
20         The Court has issued three orders to show cause to Dal Bon for failing to appear at
21   the hearing on the first motion for settlement approval, at a case management conference,
22   and for providing the fake case citation and fabricated case quotations in this motion. ECF
23   53, 75, 90. As set forth above, the Court has now sanctioned Dal Bon for the latter of
24   these violations. Moreover, the Court previously found Plaintiff's briefing "hasty,
25   slipshod, and, occasionally, incomplete," and supplemental briefing incomplete and
26   confusing. ECF 57 at 4. And Dal Bon's now stricken motion did not exhibit competence
27   based on its inclusion of fabricated law. *See Lacey v. State Farm Gen. Ins. Co.*, No. 24-cv-
28   5205, 2025 WL 136069, at *3 (C.D. Cal. May 5, 2025) ("Even with recent advances, no

1  reasonably competent attorney should out-source research and writing to [AI]
2  technology—particularly without any attempt to verify the accuracy of that material."). As
3  a result, the motion was unreliable and inadequate, which prevents the Court from trusting
4  the fairness and thoroughness of the proposed settlement. Accordingly, the Court is
5  concerned with Dal Bon's ability to vigorously and competently represent the class.

Where the Court must ensure diligence and due process on behalf of absent class members, the Court cannot find Dal Bon is adequate class counsel based on his representation in the case thus far. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008) ("The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights.").

### III. CONCLUSION

The Court finds Plaintiff's attorney James Dal Bon violated Federal Rule of Civil Procedure 11(b) and Civil Local Rule 11-4 and imposes the following sanctions under Federal Rule of Civil Procedure 11(c) and Civil Local Rule 11-6:

1. The motions at ECF 81 and 89 are stricken without leave to refile;
2. Dal Bon is ordered to pay the Clerk of Court $250 by December 5, 2025; and
3. Dal Bon is referred to the Court's Standing Committee on Professional Conduct.

The Court also finds Dal Bon is not adequate class counsel in this case. The Court will issue a separate order setting further case deadlines.

**IT IS SO ORDERED.**

Dated: November 20, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge